# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | Case No.:  2:24-cv-01434-DJC-CKD |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, ET AL., | |
| Defendant. | |

**I.     SERVICE OF PROCESS**

The named defendants have been served as required by Federal Rule of Civil Procedure 5.  No further service is permitted without leave of the Court; good cause having been shown under Federal Rule of Civil Procedure 16(b).

**II.    JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS**

No further joinder of parties or amendments to pleadings is permitted without leave of the Court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992).

**III.   DISCOVERY PROCEDURES**

This case will be decided on cross-motions for summary judgment based

entirely on an administrative record to be prepared and filed by Defendant United States Bureau of Land Management.  As such, there will be no discovery in this case.

### IV.  ADMINISTRATIVE RECORD

The Defendants will file and serve the administrative record and Notice of Filing of Administrative Record on or before **9/30/2024**. The Defendants will file the record index and certification via CM/ECF and provide the record itself to the Court and the parties on flash drives, disks, or a similar electronic medium.  The parties will confer in advance to attempt to resolve any differences over the record's contents. If the Defendants need additional time to file the administrative record, the parties will inform the Court via a subsequent joint status report.

Further, on or before **9/30/2024**, the parties will file a joint status report indicating whether (1) the administrative record is complete and they intend to proceed directly to summary judgment briefing per the schedule below, or (2) Plaintiff National Parks Conservation Association intends to first file a motion to augment the record before proceeding to summary judgment briefing (with any necessary proposed adjustments to the briefing schedule set forth below.

### V.  MOTIONS

Plaintiff's motion for summary judgment shall be filed on or before **11/8/2024**. Defendants' and Intervenor Defendant's opposition and cross-motion for summary judgment shall be filed on or before **1/22/2025**.  Plaintiff's reply and opposition to Defendants' and Intervenor Defendant's cross-motion for summary judgment shall be filed on or before **2/21/2025**.  Defendants' and Intervenor Defendant's reply shall be filed on or before **3/21/2025**. The cross-motions shall be noticed for hearing on **5/1/2025 at 1:30 PM**.

All moving and opposition briefs or legal memoranda in civil cases shall not exceed forty (40) pages without prior leave of court. Reply briefs filed by moving parties shall not exceed twenty (20) pages. The Court will grant an application to extend these page limitations only after good cause shown. Pages that exceed the

page limitations without leave of court will not be considered. Finally, no supplemental briefs or sur-replies shall be filed and will not be considered without prior leave of court.

Prior to filing a motion for summary judgment or motion for partial summary judgment (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion as required by Judge Calabretta's Standing Order.  Failure to do so may result in denial of the motion.  **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.**  The moving party is responsible for filing the joint statement concurrently with the motion.  In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or provide a statement of good cause for the failure to do so.  In addition to the above, when filing any motion, parties should reference and ensure compliance with Judge Calabretta's Standing Order.

## VI. SETTLEMENT CONFERENCE

No Settlement Conference is currently scheduled. If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

## VII. FINAL PRETRIAL CONFERENCE/TRIAL

To the extent it is necessary, the Court will set final pretrial conference and trial dates after resolution of the parties' competing motions.

## VIII. RELATED MATTERS PENDING

On June 24, 2024, the Court issued an order relating this matter to the case denominated 2:17-cv-00198-DJC-CKD, *Desert Protection Society v. Bernhardt, et al.* Final judgment in the related case was entered on September 29, 2023.

## IX. OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

**This case schedule will become final without further order of the Court**

**unless objections are filed within fourteen (14) days of the entry of this order.** The schedule, once final, shall not be modified except by leave of the Court upon showing of good cause. Counsel shall contact Judge Calabretta's courtroom deputy, Gabriel Michel, via e-mail at gmichel@caed.uscourts.gov, prior to filing a stipulation and proposed order to continue the dates set forth herein.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Agreement of the parties by stipulation alone does not constitute good cause. Counsel are cautioned that requests or stipulations to continue dispositive motion deadlines or trial dates must establish good cause exists and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth:

1. The existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;
2. Whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and
3. Specific, concrete reasons supporting good cause for granting of the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, e.g., that a mediator has been selected; written proposals have been exchanged; a draft settlement agreement is being reviewed by counsel; etc.

IT IS SO ORDERED.

Dated: July 10, 2024

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE